# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2129
LT Case No. 2023-101248-CFDB

———————————————

TERELL DEVON ROSS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Volusia County.
Dawn Nichols, Judge.

Matthew J. Metz, Public Defender, and Ali L. Hansen, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.

March 14, 2025

PER CURIAM.

In this *Anders*[1] appeal, we affirm the judgment and sentences imposed upon Appellant by the trial court following Appellant's negotiated plea of guilty to all charged offenses, noting that Appellant did not move to withdraw his plea. *See State v. Dortch*, 317 So. 3d 1074, 1075 (Fla. 2021).

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

However, our review of the record reveals two ministerial errors that we direct the trial court to correct on remand. First, the judgment shows Appellant's conviction on count nine for trafficking in heroin, twenty-eight grams or more, as a life felony. Section 893.135(1)(c)1.c., Florida Statutes (2023), provides that this is a first-degree felony.

Second, the judgment for charges, costs, and fees shows the assessment of a fine, plus a 5% surcharge on the fine. As part of the plea bargain, the State had waived the assessment of any mandatory fines against Appellant in this case, which it was permitted to do. *See* § 893.135(4), Fla. Stat. No fines were orally announced by the court during sentencing, nor was the assessment of any fine part of the plea agreement. The trial court is directed to enter an amended cost judgment that does not include an assessment of fines or surcharges.

Accordingly, we affirm Appellant's convictions and sentences, but remand for the trial court to enter amended sentencing documents consistent with this opinion. Appellant need not be present for these ministerial corrections.

AFFIRMED; REMANDED with directions.

EDWARDS, C.J., and LAMBERT, J., concur.
KILBANE, J., concurs in part and dissents in part, with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

KILBANE, J., concurring in part and dissenting in part.

I agree that we must affirm this judgment and sentence, but remand for correction of count nine as a first-degree, as opposed to a life felony.

However, as to the imposition of the mandatory fines and subsequent waiver of those fines, the majority has not addressed how this constituted error, let alone reversible error redressable in an *Anders* appeal. *See Bush v. State*, 354 So. 3d 626, 626 (Fla. 5th DCA 2023) (Eisnaugle, J., concurring in part and dissenting in part) ("[O]ur limited *Anders* review does not include correction of harmless error." (citing *State v. Causey,* 503 So. 2d 321, 322–23 (Fla. 1987))); *see also United States v. Wilmoth*, 668 F. App'x 455, 457 (4th Cir. 2016) ("In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious issues for appeal, other than the risk enhancement issue, which we conclude fails harmless error review."); *United States v. Hill*, 358 F. App'x 729, 731 (7th Cir. 2010) (applying harmless error analysis in *Anders* appeal).

While I understand the majority's preference for a different approach to the imposition and waiving of mandatory fines in the written judgment, linguistic preference does not equate to harmful error. Because I can find no authority that permits sua sponte correction of that which is already correct, I dissent from that portion of the opinion.